J. W. BURGE, plaintiff in error, *vs.* CHARLES STROBERG, defendant in error.

Where, in a trade of horses, B. asserts certain material facts inducing the trade relating to the age and soundness of the horse, which prove to be untrue, and B. also promised, in case anything was wrong, to make it right:

*Held,* Upon a suit brought by S. against B. on the breach of warranty, that no particular words are necessary to constitute a warranty, and that the jury under the facts of this case and the charge of the Court, were the proper judges of the intention with which such statements were made, and their finding for plaintiff was not contrary to law or evidence, and the Court committed no error in refusing a new trial on the ground taken.

Warranty. Before Judge COLE. Bibb Superior Court. November, 1870.

Stroberg claimed damages from Burge for the breach of a verbal warranty of a horse. The evidence sufficiently appears in the opinion.

The Court was requested to charge the jury, that if Burge simply said that his horse was fourteen years old, without

intending to represent him as no older, Burge was not liable for misrepresentation as to the age of the horse. He so charged, but added, that if Burge intended to decieve as to the age of the horse, he was liable.

The jury found against Burge. He moved for a new trial, because the verdict was contrary to law and the evidence, and because of said charge.

LYON & DEGRAFFENREID, for plaintiff in error.

A. O. BACON, for defendant. The charge was right: 6th Ga. R., 473; R. Code, sec. 2592, 3117.

LOCHRANE, C. J.

The evidence in this case shows that Burge proposed to trade a horse which he had, for a mule belonging to Stroberg. Stroberg told Burge he thought the horse was diseased, which Burge denied, but said he was an old horse, thirteen years of age, and afterwards corrected himself by saying fourteen. Some boot was asked by Stroberg, and they did not trade. The same day Burge came back, giving the boot asked and promising, if anything was wrong about the horse, to make it right. The horse died in about six weeks, being, by the evidence in the case, about twenty three or four years of age. The mule, Burge got was worth two hundred and twenty-five dollars, ($225 00) and the boot paid was $20 00. Burge refused to take the horse back as soon as Stroberg found out his age and condition. The jury found for the plantiiff $85 00, and the defendant moved for a new trial on the ground, that the jury found contrary to the law and evidence, and the charge of the Court.

We see no reason to set aside the judgment of the Court below upon either of the grounds taken. It is clear from the evidence, that the verdict of the jury was amply sustained in this case. The suit was for breach of warranty, and the proof sustains the pleadings. In *Terhune vs. Dever,*.

36 Georgia 648, it is held that no particular form of words is necessary to constitute a warranty. Every affirmation at the time of sale of personal chattels is a warranty, provided it appears in evidence to have been so intended. The tendency of all modern cases on warranty, "is to enlarge the responsibility of the seller, to construe every affirmation by him to be a warranty." And while representations made at the time of sale may amount to fraud, the right of action on the breach exists under the law upon the contract, irrespective of such fraud on the part of the seller. The rules of law governing sales requires the utmost good faith, and devices to evade the candid and honest dealing of parties is disapproved by the Courts. The idea in this case of stating a horse was fourteen years old, without saying how much more he was, cannot be recognized as such a representation in good faith as the law requires. And it made no difference whether the seller knew he was older or did not, the law implies the same liability. In *Smith and Shorter vs. Mitchell*, 6 Georgia, 473, Judge Nisbet ably discusses this whole doctrine subsequently embodied in the Code, section 2592, and this principle of law is now beyond controversy.

Burge's own testimony in this case, brings the contract within the principle; for if he did not know the horse's age, he had no right to affirm his age: Code, sec. 3117. Equally true is the application of the law to the statement of the soundness of the horse, especially as there was evidence before the jury, "if anything was wrong, he would make it right." This presented to the buyer such a contract, coupled with the statement of *Burge*, as authorized him to rely and act upon the affirmation of Burge, and the charge of the Court, submitting the facts to the jury, was not error under the law and facts of the case.

Judgment affirmed.