E.. S. JAFFRAY & CO. v. SOL. BEAR & BRO.*

*Statute of Limitations—The Code,* § 155 (9)

1. Subsection 9, § 155, of *The Code.* applies to actions *solely cognizable* in the courts of equity, under the practice prior to C. C. P. It does not apply to actions of which the courts of law and equity had concurrent jurisdiction.

2. A receipt in full, obtained by a debtor from his creditor by fraud, could have been nullified in an action at law, under the old practice, by a plea and proof of fraud in obtaining it.

3. Therefore, where a debtor obtained a receipt in full from his creditor, upon paying only twenty-five per cent. of the debt, by fraudulent representations, and the creditor sued for the residue of his claim more than three years after his cause of action accrued, but within three years after discovery of the fraud: *Held.* that his action was barred by the statute of limitations.

4. The act of 1889, amending § 155 (9) of *The Code*, does not apply to this case.

CIVIL ACTION, tried before *Shepherd, J.,* and a jury, at April Term, 1888, of NEW HANOVER Superior Court.

The questions to be decided are sufficiently presented by the case stated on appeal, and the following is a copy of so much thereof as need be reported here:

"In the month of October, 1881, the defendants became indebted to the plaintiffs in the sum of thirty-two hundred and six dollars and fifty-three cents ($3,206.53) for goods sold and delivered. On the 19th of November, 1881, the defendants made a deed of assignment of all their real and personal estate to one Fernberger, in trust for the payment of their creditors, with certain preferred classes, the plaintiffs not being among the preferred creditors. On the 5th July, 1882, after some negotiations, the plaintiffs,. through their attorney, agreed with defendants to compromise and settle their claim at twenty-five cents in the dollar, and on that

*SHEPHERD, J., did not sit in this case.

day the money was paid to said attorney, and he signed a simple receipt in full, for the debt of the plaintiffs, on the face of the account for the goods which they had rendered to defendants. This action was commenced on the 13th December, 1886.

"There was evidence tending to show that some of the preferred debts in the deed of assignment were fictitious, and that plaintiffs were induced to assent to the compromise by the false and fraudulent representations of defendants that all of the preferred debts were honest and *bona fide*, and that plaintiffs did not discover that those representations were false, and that some of the preferred debts were fictitious, until within three years before the commencement of this action.

"His Honor intimated his opinion that this case was not heretofore solely cognizable by the courts of equity, but there was a concurrent jurisdiction at law, and, therefore, the case was not within the saving of *The Code*, § 155, subdivision 9, and the action was barred by the statute of limitations. In deference to this intimation, the plaintiff took a nonsuit, and appealed."

*Messrs. E. C. Smith* and *T. W. Strange*, for the plaintiffs.
*Mr. George Davis*, for the defendant.

MERRIMON, J. (after stating the case). The cause of action alleged in the complaint is clearly barred by the statute of limitations (*The Code*, § 155, par. 1), if the latter, as contended by the defendants, is applicable in this case. The plaintiffs contend, however, that it is not pertinent; that the ninth paragraph of the same section is—that it embraces and applies to the present and all‘ like causes of action, and, therefore, their present cause of action is not barred, the action having been brought within three years next after the discovery of the alleged fraud.

The bar of three years applies to the class of cases specified in the ninth paragraph mentioned. It prescribes that, " an action for relief on the ground of fraud or mistake, in cases which heretofore were *solely cognizable* by courts of equity, the cause of action in such cases not to be deemed to have accrued until *the discovery* by the aggrieved party of the facts constituting such fraud or mistake." It will be observed that this paragraph applies only to causes of action founded on the ground of fraud or mistake, *solely* cognizable by courts of equity, prior to its enactment. Whatever may have been the legislative motive for such restrictive application, it plainly exists, and the courts must give it effect. Prior to the enactment of the present method of Code procedure in this State, including the statutory provisions just cited, there prevailed therein a settled and well-understood distinction between causes of litigation of which courts of equity have sole and exclusive jurisdiction, and also such as they had jurisdiction of concurrently with the Superior Courts, as distinguised from them. Of the former class, these were such as were founded on fraud and mistake, and to these the paragraph of the statute above recited clearly applies; it does not, however, apply to cases as to which such courts had concurrent jurisdiction. This is the plain implication from the statute, and, moreover, this Court has so decided in repeated cases. In *Blount* v. *Parker*, 78 N. C., 128, it is said, that " the act, however, may be regarded as a legislative declaration that the effect of the statute cannot be defeated, even in case of undiscovered fraud, unless the fraud is such that the jurisdiction of a court of equity was alone competent to afford relief." It was also said in *Egerton* v. *Logan*, 81 N. C., 172, that, " if the express trust alleged to arise out of the vague and indefinite words used by the defendant at the time of the transfer was not determined by the first demand, and the antagonistic relations thereby produced, it is nevertheless manifest that there are concurrent remedies at law and

in equity, and hence the case does not come within the saving of the statute." *Spruill* v. *Sanderson*, 79 N. C., 466, is to the like effect.

Granting that in some aspects of the plaintiffs' alleged cause of action, it was formerly cognizable in a court of equity, it certainly was not exclusively so—a court of law had concurrent jurisdiction. Accepting the evidence produced on the trial as true, in connection with the pleadings, as we must for the present purpose, the defendants owed the plaintiffs simply a sum of money specified for goods, and the former fraudulently, and by false and fraudulent representations and inducements, led the latter to receive twenty-five *per centum* of the debt so due them in discharge of the whole thereof, and to execute a receipt proper as to form for the whole. But this did not conclude the plaintiffs at law— they might, notwithstanding such payment and receipt, have maintained an action at law to recover their debt, less the payment, because the transaction, including the receipt adverse to them, was fraudulent, and the plaintiffs might have treated it as void, and such fraud appearing on the trial, the Court would have allowed them to recover judgment for the debt. Fraud vitiates and renders void and nugatory such like receipts and acquittances, so that they cannot, when properly objected to, be successfully interposed and stand in the way of a recovery at law. It has such effect in cases like this, both in law and equity. Story on Conts., § 495; Chit. on Conts., 590 ; Broom's Phil. Law, 42 *et seq.;* 1 Chit. on Pl., 581, 584; 1 Saunders on Pl. and Ev., 823 ; *Elliott* v. *Logan*, Phil. Eq., 163 ; *Wilson* v. *White*, 80 N. C., 280; *Edgerton* v. *Logan*, 81 N. C., 172 ; *Hampton* v. *Cohen*, 73 Ill., 303.

As, therefore, the plaintiffs' cause of action was cognizable, both in courts of law and equity, it is barred by the statute of limitations first above cited.

The learned counsel for the plaintiffs contended on the argument, that, accepting the evidence as true, the defend-

ants had perpetrated a gross fraud upon them, which they had not been able to discover until the statutory bar had become effectual against them, and that the Court ought, in the exercise of its equitable authority, to prevent the defendants from taking advantage of the bar at law, upon the ground that it would be manifestly inequitable and unjust to allow them to take and have advantage of their own fraud, to the grievous prejudice of the plaintiffs, and they cited and relied upon the rule of equity invoked as stated in Story's Eq. Jur., secs. 1521, 1521a, and *Kirby* v. *Lake Shore, &c., Railroad Co.*, 120 U. S., 130.

This contention would have great force but for the statutory provisions already cited and applied. In this State the principles both of law and equity are applied now in and by the same court, in the same action, and the same cause of action, when need be, and it seems to us clear that the purpose, in part, of the statute, was to prevent the exercise of the power invoked in cases like the present one. It prescribes in plain terms the classes of cases in which the cause of action shall not be deemed to have accrued until the fraud shall be discovered. Why is the restriction made to apply to one class of cases and not to others? It was intended to serve some purpose—that indicated in the paragraph cited. If it had been contemplated that the courts should exercise the power as formerly, then this paragraph was unnecessary and would serve no useful purpose, because the courts could interpose their power, as justice and occasion might require, just as before the present statute of limitations and method of procedure began to prevail.

In the case last cited, the learned Judge adverts to the similar restrictions upon the courts of the State of New York, whose statute is substantially—almost literally—like that of this State to which we refer above. The Courts of Equity of the United States are not troubled by such restrictions, nor, it seems, are they generally affected, if at all, by the practice

of the courts of the several States in administering the prin-
ciples of equity.   Their jurisdiction is the same as that of
the High Court of Chancery in England, subject neither to
limitation nor restraint by State legislation, and it is the
same and uniform throughout the States of the Union.
Hence, the United States Court could, in the case cited,
exercise the authority and grant relief that we are con-
strained to deny.

The counsel of the plaintiffs bring to our attention an act
passed by the General Assembly at its late session, which
simply strikes out of the paragraph above recited, of the sec-
tion of the statute cited, the words, " in cases which hereto-
fore were solely cognizable by courts of equity." This act
has no application, by its terms or effect, to this appeal.

No question is raised in the record by it, nor has the action
in any aspect of it been directed or tried with a view to it,
or its effect upon the subject-matter of the action.

No error.                                    Affirmed.