THE FIRST NATIONAL BANK OF CONNEAUTSVILLE, PENNSYLVANIA, Appellant, v. PERRY ROBINSON, Administrator, Appellee.

105  463
115  375

Sale: WARRANTY. A representation on the sale of a stallion that if it is kept in healthy and proper breeding condition by careful and judicious handling, and does not prove to get a reasonable number of mares bred to him in foal, the purchaser may return him in good health and condition and get instead another horse of equal value, is, in legal effect, a warranty of average breeding qualities.

General Agent: POWERS: *Presumptions* A purchaser of a stallion from the owner's general agent, who had authority to warrant that the horse was of average breeding qualities, has, in the absence of any information to the contrary, the right to assume that he has the authority to warrant the horse to be a "sure foal getter "

SAME. One authorized to sell several horses to any one whom he can induce to purchase is a general agent.

Appeal. Where it is not shown that appellant's abstract contains all the evidence, the judgment may be affirmed, but the appeal cannot be dismissed.

SAME. Where appellant's abstract does not contain all the evidence, and appellee files an abstract setting out evidence which it claimed was omitted by appellant, and does not deny that both abstracts contain all the evidence, the court will presume that all the evidence is before it.

Bill of Exceptions. A bill of exceptions stated that on the trial the court gave to the jury "instructions numbered one to — inclusive," which were all the instructions given in the cause, and that to the giving of each of which, "except Nos. one to the last one given," plaintiff duly excepted to at the time, will not be held insufficient on the ground that it appears therefrom that none of the instructions were excepted to, as it is obvious that the word "except" was erroneously inserted.

Appeal from Monroe District Court.—Hon. T. M. Fee, Judge.

## Monday, May 16, 1898.

On January 23, 1895, the plaintiff bank filed a claim against the estate of D. C. Robinson, deceased, of which the defendant is administrator, for the sum of eight hundred and twenty-one dollars and thirty-three cents, with interest thereon at eight per cent. after June 2, 1890. This claim was based upon a promissory note executed by said intestate to the firm of Powell Bros., and duly assigned to plaintiff. The administrator refused to allow it. The issue was tried to a jury. There was a verdict and a judgment for defendant, and plaintiff appeals.—Affirmed.

Mabry & Payne for appellant.

T. B. Perry and W. A. Nichol for appellee.

Waterman, J.—It appears that the firm of Powell Bros., of Springboro, Pa., were dealers in horses, and that in the spring of 1888, through one Jacob Knapp, of Centerville, Iowa, who was then their agent, they sold to defendant's intestate, D. C. Robinson, a stallion, for breeding purposes, and the note in question was given as a part consideration therefor. It is claimed by defendant that Knapp warranted the stallion to be a "sure foal getter," and that there was a breach of this

warranty, in that the horse was practically worthless for breeding purposes. On the other hand, it is contended that Knapp had no authority to make any such warranty. The note sued upon is not negotiable; so the defense, if established, is good as against plaintiff.

II.   Defendant moves to dismiss the appeal because it is not shown that appellant's abstract contains all the evidence. If the motion was well grounded, we should be justified in affirming the judgment below, but not in dismissing the appeal. *Maloney v. Railway Co.*, 95 Iowa, 255; *Clark v. Tracy*, 98 Iowa, 649. But it does not appear that the motion is well taken. Neither in the abstract or the amendment thereto filed by appellant does it appear that all of the evidence is presented here; but appellee has filed an abstract setting out considerable evidence which it is claimed was omitted by appellant, and he does not deny that the abstracts of both parties contain all the evidence. With the record in this condition, we are authorized to presume that we have all of the evidence before us. *Van Sandt v. Cramer*, 60 Iowa, 424; *Starr v. City of Burlington*, 45 Iowa, 87; *Balm v. Nunn*, 63 Iowa, 641.

III.   It is urged by appellee that the instructions of the trial court cannot be considered here, because appellant has not properly taken or preserved its exceptions thereto.   A bill of exceptions was duly signed and filed, containing this clause: "That on the trial of this cause the court gave to the jury instructions numbered one to ——, inclusive, which were all the instructions given to the jury in the cause, and to the giving of each of which, *except* Nos. one to the last one given, the plaintiff duly excepted at the time. Said instructions are entitled in the cause, filed therein ——, 1895, and marked 'Exhibit B' to this bill of exceptions No. one." It is said that the language here used shows that none of the instructions were excepted

to at the time they were given. We think that this is too technical. We ought not to confine ourselves to the literal reading of this paragraph, but should accept the obvious and apparent intent disclosed. The word "except," which we have italicized is erroneously inserted. This is so manifest that we think no one could be misled by it. We may add here that the exceptions are sufficiently specific. *Hawes v. Railway Co.*, 64 Iowa, 315; *Mann v. Railway Co.*, 46 Iowa, 637.

IV. Plaintiff makes no complaint of the jury's finding that Knapp made the warranty claimed, and that it was broken. The sole question presented for our consideration, as stated by appellant's counsel, is, "Has an agent of a horse dealer, with authority to sell a breeding stallion, implied authority to warrant that said stallion is a sure foal getter?" We think, instead of considering this abstract question, we will do better to confine ourselves to the facts of this particular case; and we will narrow the field of inquiry somewhat by stating the matter for determination in this way: Had Knapp, under the conceded or undisputed facts of the case, authority to make such warranty? The trial court instructed the jury, in effect, that Knapp's authority to make the warranty was to be presumed, in favor of the purchaser, unless it was shown that the purchaser knew that he possessed no such authority. This thought was repeated in different forms in several of the instructions. It was established by evidence introduced by plaintiff that Knapp took from Powell Bros., to sell for them, five stallions, including the one sold to defendant's intestate. He was not confined to the transaction with Robinson, or to dealing with any particular person, but was authorized to sell to any one whom he could induce to purchase. Knapp

was therefore a general agent for Powell Bros. 1 Parsons, Contracts, 39. It is also in evidence on the part of plaintiff that Knapp had authority to represent to purchasers "that if the said stallion, by careful and judicious handling, and kept in healthy and proper breeding condition, should prove not to get a reasonable number of mares bred to him in foal in neither of the first two season's trial [the purchaser] may return him to us [Powell Bros.], at Shadeland, Crawford Co., Pa., in good health and condition, and get, instead, another horse of equal value." This, in legal effect was a warranty of average breeding qualities. We have here, then, a general agent with authority to warrant, to some extent, the horse he sells. This court has held that one purchasing from a general agent, clothed with authority to warrant the article he sells, if in ignorance of any restriction upon his power, may lawfully presume that such agent has authority to make the warranty he offers. *Murray v. Brooks*, 41 Iowa, 45. In other words, under the undisputed facts in the case, Robinson had a right to assume, in the absence of information to the contrary, that Knapp possessed authority to warrant this horse to be a sure foal getter; and this being true, the exceptions to the instructions must be overruled, and the judgment below AFFIRMED.