## 12347.  BARNHILL *v.* MEDDERS, administratrix.

In a suit upon a promissory note jointly brought against the maker and a person whose name appeared on the back of the note as indorser, where the petition alleges as to the former that he was the maker of the note and is sued as the maker, and that the defendant named as indorser was an indorser for accommodation only, and is sued only as such indorser, and where the alleged indorser files a sworn plea denying that the note sued on was executed by him, or by any other person authorized by him so to do, and that the same was not his deed (the sheriff having made a return of non est inventus as to the other defendant, the alleged maker of the note), and the plea is not demurred to, and no motion to strike it is made, but, on the contrary, it is treated by both parties as a plea denying the execution of the *indorsement* on the note, and not as denying the execution of the note itself, and the case is fought out before the jury on that theory, and a verdict is returned in favor of the indorser, which finding is authorized by the evidence and approved by the trial court, this court will not order a new trial, on the ground that the plea of non est factum denied the execution of the note only, and did not deny the execution of the indorsement thereon, and that, therefore, the finding of the jury in favor of the indorser was contrary to law.

DECIDED JUNE 14, 1921.

Complaint; from Bacon superior court — Judge Summerall. June 14, 1921.

*E. H. Williams,* for plaintiff.

*I. J. Bussell, Padgett & Watson,* for defendant.

BROYLES, C. J. This is a joint suit on a promissory note brought against one Strickland and Mrs. S. E. Medders as administratrix of the estate of B. N. Medders. The petition alleged, that Strickland was the maker of the note and was sued as such maker; that B. N. Medders had indorsed the note for accommodation only, and that he was sued as such indorser only. Mrs. Medders filed a sworn plea of non est factum, in which she alleged, "that the note sued on in the above stated case was never made, signed, nor executed by her, or by the deceased, nor by any other person by him or her so authorized to do, and the same is not his or her deed."

Upon the trial (the sheriff having made a return of non est inventus as to Strickland) the case proceeded against Mrs. Medders alone. In the light of the allegations in the petition, the plea of non est factum filed by Mrs. Medders was evidently intended as a plea denying the execution of the *indorsement,* and not as denying the execution of the note itself. And it is obvious that the plaintiff so construed the plea, for he not only

failed to demur to it or to move to strike it, but, after introducing in evidence the note sued on, he endeavored to prove the execution of the *indorsement* thereon — which would have been unnecessary in the absence of a sworn plea denying the execution of the indorsement. The plaintiff, without objection, introduced evidence to show that her intestate had never executed the indorsement. Her sole contention upon the trial, as disclosed by the record, was that Medders had executed the indorsement by writing his name on the back of the note sued on. There was no contention nor any evidence tending to show that it was executed by some one else, authorized by Medders to execute it, or that it was made by some unauthorized person whose act was subsequently ratified by Medders. Thus, under the pleadings as treated by both parties to the cause and under the evidence adduced on the trial, the jury had before them for determination only one question, to wit, was the *indorsement* on the note sued on executed by the defendant's intestate? And the case was so fought out before the jury and resulted in a verdict in favor of the defendant administratrix.

The plaintiff, having treated the plea filed as a plea denying the execution of the *indorsement,* and having thrashed out his case before the jury solely on that theory and having lost, will not be allowed, after the verdict and judgment, to alter his position and to claim that the plea was defective and insufficient because it denied the execution of the note and did not deny the execution of the indorsement. By introducing evidence to prove the indorsement, and by not objecting to the evidence offered by the defendant to disprove it, the plaintiff waived any objections to the plea; the reason for this rule being that if the plaintiff had objected to the plea as being defective and insufficient, the plea might have been amended by the defendant. See, in this connection, *Napier* v. *Strong,* 19 *Ga. App.* 401, 406 (91 S. E. 579), and citations; *Freeze* v. *White,* 120 *Ga.* 446 (47 S. E. 928).

The verdict was authorized by the evidence, and for no reason assigned did the court err in overruling the motion for a new trial. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*