18531.  HOUSER *v.* MATHEWS.

JENKINS, P. J.  This being a suit for damages on account of the breach of an alleged contract, the plaintiff is limited to his rights under the contract.  He having alleged by his petition as amended that the fruit contracted to be delivered under the agreement was that maturing on his own farm and on the farm of his brother, he is limited in his right of action to the failure on the part of the defendant to take the fruit thus contracted for.  There being no evidence that the agreement embraced the delivery of fruit then maturing on the farm owned jointly by the plaintiff and his brother, the principle of law that "evidence, admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant" (*Napier* v. *Strong,* 19 *Ga. App.* 401 (2), 91 S. E. 579), can not be given application.  In the instant case the sale contemplated by the agreement was not for a definite quantity of peaches, but was for the crop grown on two described tracts of land, which it was estimated would produce the quantity of fruit which the plaintiff testified he sought to deliver.  Under such an agreement, if the amount of fruit actually produced on the farms specified was less than the estimate, the defendant could not be required to accept fruit grown on other farms, nor, in such an event, could the plaintiff be required to deliver fruit grown on other premises up to the amount of the estimate.  Under the undisputed facts disclosed by the record, an indeterminate portion of the fruit tendered by the plaintiff having been grown on premises other than those designated by the contract of purchase, the verdict in his behalf was unauthorized by the evidence, under the charge of the court (which is not excepted to), and must be set aside.

*Judgment reversed.  Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1928.

*C. L. Shepard*, for plaintiff in error.
*Brown & Brown, S. M. Mathews,* contra.