THE CENTRAL RAILROAD & BANKING COMPANY *v.* COOPER.

1. Where the sole ground of liability alleged in a declaration against a common carrier was, that the defendant negligently and carelessly unloaded the plaintiff's goods in the rain and stored the same on an open, uncovered platform "in the rain and weather," whereby the goods were rendered totally worthless, it was error to charge that if the goods were delivered to the wrong person, some one not authorized by the plaintiff to receive them, that would be a conversion by the defendant, and the plaintiff would be entitled to recover the full value of the goods; and to refuse to charge a written request to the effect that the action was not for the recovery of damages sustained by the plaintiff for the loss of his goods because of their delivery to the wrong person, but for damages resulting from the negligent manner in which the goods were unloaded and left exposed.

2. There being nothing in the pleadings or evidence properly presenting as an issue in the case the question whether the person by whom the plaintiff's goods were unloaded from the defendant's car was, or was not, authorized to *receive* the goods for the plaintiff, and the controlling question being whether that person in unloading and storing the goods was acting as the agent of the plaintiff or of the defendant, the court erred in so shaping its instructions to the jury as to present for their consideration the question first above stated, and in so qualifying the written requests of the defendant as to submit that question for their determination in connection with, and as a part of, the question of agency above mentioned.

3. The charge, as a whole, did not properly submit the real issues involved nor authorize the jury to pass upon the merits of the defense, which, if found true, would render a recovery for the plain-

tiff legally impossible. Because of the errors above indicated, and irrespective of other alleged errors, there should be another trial.

February 27, 1895.

Action for damages. Before Judge BARTLETT. Houston superior court. October term, 1893.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error. HARDEMAN, DAVIS & TURNER, *contra.*

LUMPKIN, Justice.

1. The declaration alleged that the plaintiff shipped over the defendant's road twelve tons of guano to be delivered to him at Perry, and that on its arrival at that place, the company negligently and carelessly unloaded the guano "in the rain, and stored the same on an open, uncovered platform in the rain and weather; that said guano was thoroughly wetted, and by said wetting, caused by said rain, it become totally worthless." No other ground of liability than as above stated was mentioned, or even hinted at, in the declaration; so there was no allegation upon which it would be legally possible to base a recovery in the plaintiff's favor upon the theory that the defendant was guilty of a wrongful conversion of the guano by delivering it to a person not entitled to receive it. Nevertheless the court, more than once, instructed the jury, in substance, as indicated in the first head-note, and refused to charge a written request which correctly set forth the real character of the action. It hardly requires argument to show that the errors thus committed absolutely entitled the defendant—against whom the jury found a verdict for the full amount sued for—to a new trial. No plaintiff can recover upon a cause of action, however just or well sustained by proof, which is totally distinct and different from that alleged in his declaration, and this is so although palpably irrelevant evidence may have been received without objection. The instructions given by

the court may, as abstract propositions of law, have been entirely correct; but they had no application or pertinence whatever to the issues involved in the case on trial.

2. The guano was unloaded from the railroad car by a boy named Allen, who was employed as a messenger at the depot of the defendant; but it does not appear that it was any part of his duty to unload freight-cars. It is clear from the evidence that the expense of unloading the plaintiff's guano devolved upon him and not upon the railroad company, and that he recognized this fact. The real vital question at issue in the case was, whether Allen was employed by the plaintiff as his agent to unload the car, or whether, in unloading the same, Allen was acting as the servant of the depot agent. Upon this question the evidence was conflicting, but there was nothing, either in the pleadings or in the evidence, properly presenting as an issue in the case the question whether or not this boy was authorized to *receive* the goods for the plaintiff, or that he undertook so to do. The court, however, in different portions of its charge to the jury, presented for their consideration and determination the question just indicated, and emphasized its supposed importance by making certain qualifications of written requests to charge submitted by the defendant's counsel. For instance, the court charged as follows: "If the railroad delivered the goods to the wrong person by mistake, or to a person not authorized to receive them, though they be delivered for the consignee or owner, the carrier believing him to be at the time the agent of such consignee or owner, that would not relieve the carrier, because the carrier must, at his peril, know that the person to whom he makes such delivery has authority to receive the goods." And again, after charging the following request: "If you should believe from the evidence that the plaintiff employed one Allen to unload the guano for him, and agreed to

pay Allen fifty cents for unloading it for him, and Allen, being so employed by him, did unload the guano for him, and unloaded it negligently or improperly or in the rain; and if the plaintiff was present at any time while it was being unloaded in the rain and made no effort to prevent it, and did not at the time call the attention of the defendant's agent to the fact, or signify to defendant or its agent that he objected to the manner in which it was being unloaded, or made any request that it be stored differently, until several days later, when he refused absolutely to receive the guano, I charge you that you may consider these facts in determining the question whether the loss, if any, was not due to the plaintiff's own act or attributable to his own negligence," the court qualified the same by adding, after the words "employed one Allen to unload the guano for him," the words "and receive the goods"; and after the words, "and Allen, being so employed by him," the additional words, "and authorized by him to receive the goods." In view of the real issue upon which the case should have been made to turn, the nature of which has been already stated, it seems clear, without further elaboration, that the above quoted instructions must necessarily have been misleading to the jury, and that their effect was to cut off the defendant from its real defense.

3. The motion for a new trial contained numerous grounds. It is unnecessary, however, to notice them in detail, enough having been already said to show that the case was not properly tried, and to outline the principles which should control its determination. We will only add, that taking the charge as a whole, it did not even substantially submit the real issues involved in the case, but altogether prevented the jury from passing upon the merits of the defense, which, if found true, would render a recovery for the plaintiff legally imposisible.                    *Judgment reversed.*