### 14033. CONYERS *v.* YORKSHIRE INSURANCE COMPANY LIMITED.

Under the provisions of the insurance policy sued upon and the allegations of the plaintiff's petition as to the state of the title to the automobile described in the policy, he had no cause of action against the insurance company, although it appears from the petition that at the time of his application for the insurance the state of the title was disclosed by him to a named person who, it was alleged, " was associated with " a named company, " agents for the defendant [insurance] company."

Decided March 6, 1923. Rehearing denied April 11, 1923.

Action on insurance policy; from city court of Atlanta — Judge Reid. October 4, 1922.

*Billie B. Bush,* for plaintiff, cited: 123 *Ga.* 404; 132 *Ga.* 687 (1, 2); 133 *Ga.* 793 (1); 134 *Ga.* 500-6; 136 *Ga.* 181-2; 138 *Ga.* 779; 150 *Ga.* 163 (1); 11 *Ga. App.* 545; 12 *Ga. App.* 53 (1); 23 *Ga. App.* 642-3. Cases cited below distinguished.

*Spalding, MacDougald & Sibley,* for defendant, cited: 116 *Ga.* 122; 108 *Ga.* 391; 148 *Ga.* 843; 151 *Ga.* 185; 51 *Ga.* 76; 54 *Ga.* 290; 106 *Ga.* 461 (2); 26 *Ga. App.* 350; 183 *Ga.* 308; 183 U. S. 308-364.

LUKE, J. The petition in this case — a suit upon an insurance policy — alleges: that Glen B. Ryman Company was the duly authorized agent of the insurance company; that the company issued a policy indemnifying the plaintiff against fire and theft upon one Ford touring car; that subsequently the car was stolen, and that report of the theft was made to the company and to its agent Glen B. Ryman Company; that payment for the loss of the car was refused, for the reason that the plaintiff did not have title to it, the title being in Beaudry Motor Company, which held a " retention-title paper to the automobile," and the policy was payable to the plaintiff and without any clause making loss payable to the Beaudry Motor Company, in which the title to the automobile was vested at the time of the execution of the policy; that the plaintiff, at the time of the application for the insurance, advised one J. D. Woodall, who was associated with Glen B. Ryman Company, agent of the defendant, that he was indebted to the Beaudry Motor Company for the balance of the purchase-price of the automobile insured, and that the Beaudry Motor Company held " retention-title notes " covering said amount. The policy provides that " the facts with respect to the purchase of the car as set forth and contained in the policy are statements of facts known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof;" and that " this entire policy shall be void, unless otherwise provided by an agreement in writing added hereto, if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership." The policy contains the further stipulation and warranty that " this automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered except

as follows." No exception to this warranty was stated. There is a further .condition of the policy that " this policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or endorsed hereon, and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance described herein, and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The petition was dismissed on oral motion, upon the ground that under the provisions of the policy as pleaded by the plaintiff, no cause of action was set forth.

The dismissal was not error. To permit the plaintiff to prove that he told the named person in the petition, who was alleged to have been associated in some way with the local agent of the insurance company, of the existence of the " retention-title notes " pleaded in this case would be to change and alter by parol evidence the unambiguous terms of the written contract of insurance. In addition to what is here said, the allegation that one Woodall, who was associated with the local agents of the defendant company, had notice of the retention of title did not show notice to the insurance company of the retention of title held by the original seller of the automobile. The plaintiff was not, as was contracted in the policy, the unconditional owner of the property insured. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*