18350. SCOTTISH UNION & NATIONAL INSURANCE CO. *v.* FORTESQUE.

BROYLES, C. J. 1. The amendment to the petition was properly allowed, and the petition as so amended was not subject to any ground of the demurrer interposed, and the court did not err in so ruling.

2. Ground 4 of the motion for a new trial complains of the admission in evidence of certain testimony for the plaintiff, over the timely and appropriate objections of the defendant. Among the objections urged were that the testimony was not authorized by any allegations in the petition, that it sought to vary the terms of the written contract declared upon, without any allegation of fraud, accident, or mistake, and that it tended to establish a special and different contract from the one declared on. Under the facts of the case these objections should have been sustained and the testimony excluded. See, in this connection, *Central Railroad Co.* v. *Cooper,* 95 *Ga.* 406 (22 S. E. 549) ; *Conyers* v. *Yorkshire Ins. Co.,* 30 *Ga. App.* 6 (117 S. E. 102) ; 26 C. J. 510, § 719. For the same reason the court erred in admitting the documentary evidence set forth in ground 5 of the motion for a new trial.

3. It follows from the above-stated ruling that the court erred also in charging the jury as set forth in grounds 8 to 13 inclusive.

4. The charge of the court upon the forms of the several verdicts that could be returned was to some extent confusing, and did not clearly and plainly instruct the jury upon the questions of damages and attorney's fees.

5. Under all the facts of the case and the law pertinent thereto, the remaining special grounds of the motion for a new trial show no error.

6. As another trial must be had because of the errors heretofore pointed

Appeal and Error, 4 C. J. p. 650, n. 37.

Fire Insurance, 26 C. J. p. 489, n. 59; p. 509, n. 52; p. 563, n. 67; p. 566, n. 81, 82.

out, the question of the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 16, 1927.

Complaint on fire-insurance policy; from Richmond superior court—Judge A. L. Franklin. May 31, 1927.

1. Fire destroyed on March 15, 1926, a dwelling house and other buildings insured against fire under a policy containing the provision that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The policy contains also the usual provision that it is accepted subject to the stipulations and conditions set out therein or endorsed thereon, and that no representative of the company shall have power to waive any provision of the policy except such as may be the subject of agreement endorsed thereon, etc. Attached to the policy was a thirty-days "vacancy permit," which expired March 3, 1926, and which stated that it was understood and agreed between the company and the assured that the building should be under the supervision of a competent person living on the premises during the time of non-occupancy. The original policyholder's interest in the policy was assigned in 1925 to Mrs. Fortescue (or Fortesque) as purchaser of the insured property, she having bought the property at administrator's sale. In her suit on the policy the foregoing facts appear from the petition, and the following facts, among others, are alleged: She resided in Virginia at the times mentioned above, and the administrator of the original policyholder's estate, from whom she bought the property and to whom she paid the unearned part of the premium on the policy, delivered the policy, without her knowledge or consent, to the insurance company's agents who had issued it, advising them of these facts, and they, without her knowledge, issued the written transfer of the policy to her, and, at a time unknown to her, executed and attached to the policy the vacancy permit mentioned above, and retained the policy subject to the call of the administrator. It is alleged that payment of the loss was refused on the sole ground that the insured buildings were vacant at the time of the fire; and it is alleged that if

they were vacant, the insurance company knew it at the time of the vacancy and the plaintiff did not know it; that, the company having negligently failed in its duty to deliver the policy, the plaintiff did not know of its terms and conditions, and no one acting for her had such knowledge; and that, by retaining the premium paid and failing to deliver the policy, the company waived the provisions known as the vacancy clause and is estopped from setting up that clause as a ground for refusing to pay. Bad faith in refusing to pay was alleged, and the statutory damages and attorney's fees were sued for.

The defendant demurred to the petition generally, and demurred specially to the allegation that the fire occurred "while said policy was in full force and effect," it being contended that this is a mere conclusion unsupported by properly pleaded facts. The other ground of the demurrer was directed to the allegation that "if" the buildings were vacant, etc.; and the demurrant prayed that the plaintiff be required to amend and allege plainly whether the insured property was vacant when burned, and, if so, how long. The plaintiff amended as follows: "Plaintiff denies the contention of the defendant that said premises were vacant, and calls for strict proof thereof by it." The amendment was allowed by the court over the objection that it was indefinite and uncertain and did not constitute an affirmative allegation. The demurrer was overruled.

2. The testimony referred to in paragraph 2 of the decision was that of Paul T. Chance, who had previously testified that, as attorney representing solely the administrator of the estate of the original policyholder, and not Mrs. Fortescue, he procured the policy out of the administrator's files and took it to the office of the defendant's agents who had issued it. The testimony objected to was as follows: "There was a lady in the office and I told her the property was vacant, that it was a farm out there in the country, which the policy showed, and there would be no chance at that season of the year to rent the property, and to do whatever was proper and necessary in the way of putting endorsements or permits on the policy as would protect the interest of Mrs. Fortescue against the forfeiture of the policy. I would like to say that there was a definite agreement and understanding that the endorsement on that policy would be made that would protect the

interest of Mrs. Fortescue. The understanding and definite agreement that I had with that young lady, who told me she was the one, or said that she was there to do that kind of work for the agent, was that she would make such endorsement on that policy as would, under the exigencies of the case, protect this lady against any forfeiture of the policy by reason of the vacancy clause." The parts of the charge of the court which are dealt with in paragraph 3 of the decision relate to the agreement mentioned in this testimony.

*Spalding, MacDougald & Sibley, Hull, Barrett & Willingham,* for plaintiff in error.

*Hammond & Kennedy, Paul T. Chance,* contra.