25348. WILLIAMS *v.* ELDRIDGE.

DECIDED JUNE 9, 1936.

*J. P. Burnett, B. B. McCowen,* for plaintiff in error.

*J. W. Barnett, John J. McCreary,* contra.

SUTTON, J. Williams sued Eldridge in the municipal court of Macon, alleging that defendant was due him certain sums as the value of specified services rendered by him for defendant, consisting of services performed by plaintiff in taking charge of certain property, endeavoring to sell the same, paying off creditors of the

defendant, and discounting and compromising claims against defendant; and also in repairing, moving and storing the property of defendant. From plaintiff's testimony it appeared that defendant, who was financially involved, had told plaintiff to look after his property, sell it, and pay his creditors, and that he would do right by him; that defendant left town, and thereafter wrote a letter to plaintiff, telling him that he could have what he could save out of defendant's property, and executed a power of attorney to plaintiff, giving him authority to sell his property; that plaintiff took charge of defendant's property, sold some of it, and paid claims against defendant, and obtained discounts and compromises with defendant's creditors; that there was between six hundred and a thousand dollars worth of the property left; that defendant returned and told plaintiff that he thought he ought to have the property back; and that plaintiff returned the property to defendant under an agreement that defendant would give plaintiff a $50 stock of goods and a light automobile, instead of the property that plaintiff had saved from handling and winding up defendant's business, but defendant refused to do this. The jury returned a verdict for defendant. Plaintiff moved for a new trial, and to a judgment overruling the motion plaintiff filed his petition for certiorari. The judge of the superior court dismissed the certiorari, passing the following order: "As the verdict rendered by the jury was demanded, the rulings complained of were immaterial. Plaintiff sued defendant for services rendered and money spent in behalf of defendant in handling certain property, arranging loan, storing, repairs, etc. Before plaintiff could recover for such services, he must show either a contract to pay for the services, or a duty to pay which the law will imply from the circumstances of the case; but a contract to pay for the services, either an express or an implied contract, must be shown. The circumstances under which plaintiff went into possession of the property and rendered the alleged services are set out in the testimony of plaintiff Williams. Defendant wrote him a letter in which he, defendant, said 'that he was broke and everything was lost, and that if plaintiff and defendant's brother Peter Eldridge could save anything out of the property, that they were welcome to it, that there was nothing he, defendant, could do.' In pursuance of this gift defendant sent to plaintiff and his brother Peter a power of attorney authorizing

Peter Eldridge and plaintiff, by comprehensive power of attorney, to make any disposition of the property involved they saw fit to make. Certainly no contract, express or implied, would be predicated upon this gift. The defendant in effect said: 'I give up. Take the property and handle it as you like. You are welcome to what you can get out of it.' This gift was not to plaintiff, but to plaintiff and defendant's brother jointly. They took the property, accepted the gift, and proceeded to sell it off. Before they had sold it all, defendant returnd from Louisiana, and thought that plaintiff and his brother should return to him such portions of the property as they had not sold. They did return it to him on his, defendant's, promise to give plaintiff $50 in goods and a light automobile. This is plaintiff's own testimony, and would not support a recovery for any amount for services rendered in selling the property."

1. A party must recover, if at all, upon the claim or defense set up in his pleadings. 49 C. J. 793, 794, 805; *Lowry National Bank* v. *Fickett,* 122 *Ga.* 489 (50 S. E. 396); *Loyd* v. *Andrews,* 119 *Ga.* 875 (47 S. E. 208); *Brunswick Grocery Co.* v. *Spencer,* 97 *Ga.* 764 (25 S. E. 764); *Lea* v. *Harris,* 84 *Ga.* 137 (10 S. E. 599); *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579); *Graham* v. *Jones,* 39 *Ga. App.* 610 (147 S. E. 902). Where plaintiff's suit is predicated upon a contract, express or implied, and upon the trial it appears from plaintiff's own testimony that such alleged contract had been abrogated by the defendant, and another and different contract entered into by the parties, the evidence would not authorize a recovery on such abrogated contract, and the verdict against the plaintiff was demanded. Whatever right of action the plaintiff may have had against the defendant would necessarily have to be predicated on the last agreement.

2. It follows that the judge did not err in dismissing the plaintiff's petition for certiorari, complaining of the judgment overruling his motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*