29078, 29079.   DAVIS *v.* EQUITABLE LIFE ASSURANCE SOCIETY; and *vice versa.*

DECIDED SEPTEMBER 12, 1941.   REHEARING DENIED OCTOBER 14, 1941.

*James W. Smith, DeLacey Allen, Fraser & Irwin,* for plaintiff.

*MacDougald, Troutman & Arkwright, Dudley Cook,* for defendant.

GARDNER, J.   Louise Shealey Davis sued the Equitable Life Assurance Society of the United States. She alleged that her husband was working for the Federal Reserve Bank of Atlanta at the time of his last residence and death, and had been so employed for about a year, and that the Federal Reserve Bank procured from the defendant a policy of group insurance for the benefit of its employees.

The material portions of the petition which allege the right of the plaintiff to maintain this suit are as follows: "(5) Your petitioner alleges that the said Federal Reserve Bank of Atlanta had a certificate of the insurance policy on the life of the said Emmett Tillman Davis which was issued on all employees automatically after said employee had been in the employment of the employer for a period of three (3) months or longer, in the amount of one year's salary, not to exceed in any case three thousand ($3000) dollars, and your petitioner alleges that said certificate of insurance was set forth in the insurance register kept by the Equitable Life Assurance Society of the United States in connection with said policy, a copy of said certificate is hereby attached, made

a part of this paragraph and petition, marked 'Exhibit A,' and reference thereto is prayed as often as is necessary; and your petitioner alleges that said certificate was in full force and effect at the time of the death of her said husband who died suddenly with pneumonia while employed by the Federal Reserve Bank of Atlanta, and that upon information and belief said notice of the death of the insured and notice of the beneficiary under the certificate was given by the Federal Reserve Bank of Atlanta to the defendant herein, the Equitable Life Assurance Society of the United States. (6) Your petitioner alleges that said certificate of insurance hereinbefore referred to and marked 'Exhibit A' was kept by the Federal Reserve Bank of Atlanta as the employer of the employee, and that she had no notice of said certificate being in force and effect or that she was in any way the beneficiary under said certificate, or that any group insurance was in force between the Equitable Life Assurance Society of the United States and the Federal Reserve Bank of Atlanta with your petitioner as the named beneficiary therein. . . (8) Your petitioner alleges, upon information and belief, that the Federal Reserve Bank of Atlanta issued a certain letter to all employees whereby each and every employee was insured for the benefit of such person as he or she might designate to the extent of one year's salary, and that the said Emmett Tillman Davis accepted this protection and named your petitioner as beneficiary under said certificate of insurance; a copy of said notice to employees is hereby attached, marked 'Exhibit B,' made a part of this paragraph and petition, and reference thereto is prayed as often as is necessary."

Exhibit A mentioned in paragraph 5 reads as follows: "The Equitable Life Assurance Society of the United States of America hereby certifies that the Federal Reserve Bank of Atlanta (hereinafter called the employer) has agreed to insure the life of Emmett Tillman Davis (hereinafter called the employee) with the Equitable Life Assurance Society by a group life insurance in the amount of one year's salary, not to exceed in any case $3000, as set forth in the insurance register kept by the society in connection with said policy. The insurance is to be payable to the beneficiary designated as entitled to receive the same, if death occurs while the employment of said employee, during the continuance of said policy and subject to the terms and conditions thereof. Bene-

ficiary, Lucille [referred to in petition as 'Louise'] Shealey Davis. The Equitable Life Assurance Society of the United States. W. A. Day, Pres., N. Y. Feb. 28, 1922." General and special demurrers to the petition were filed. A number of the special demurrers were sustained, but were cured by amendments to the petition. After the amendments were allowed the case proceeded to trial, and after the introduction of evidence the judge directed a verdict for the defendant.

As we view the case, there is but one controlling question : did the plaintiff prove her allegation that she was entitled to bring this suit ? For the purpose of this decision it is not necessary to discuss any of the other many questions raised. It is conceded throughout the record by counsel for both parties, inferentially if not expressly, that the insured had the right, under the group policy, to name the beneficiary. The policy further provided that in the event no beneficiary was named the widow would receive the insurance. The plaintiff utterly failed to prove the allegations of her petition that she was the designated beneficiary. She offered no evidence whatsoever that the foster mother or some other person was not the designated beneficiary. Even if she did not have to prove her case as laid, she would for this reason be unable to maintain the claim as the widow. But she pitched her case on the express proposition that the certificate as shown by exhibit A named her as the beneficiary. We have read the evidence carefully and the only evidence in the record which could have the remotest bearing on this issue was from the plaintiff herself. It is as follows: "Emmett was sick about two weeks. He died with pneumonia. He was buried in Albany, Georgia. He had a foster mother, or a mother that adopted him, by the name of Catherine McCarthy. After he had been buried in Albany I went to the Federal Reserve Bank and asked them if there was anything there for me. They said Catherine McCarthy had done got the check, and there were some papers I could sign; but I did not know what they were. They said she got the check to help bury him; for the burial expenses. After I signed the papers and went in the Federal Reserve Bank I didn't hear anything from the Federal Reserve Bank or any one else. The first time I found out that the Federal Reserve Bank carried a policy of insurance on my husband through Mr. Smith. That was in 1939. At that time Mr. Smith was repre-

senting me in another case with some war-risk insurance." This evidence was insufficient to prove that the plaintiff was entitled to maintain this suit as the designated beneficiary of her deceased husband. The plaintiff can recover only on the cause of action set forth in the petition. *Lowry National Bank* v. *Fickett*, 122 *Ga.* 489 (50 S. E. 396); *Loyd* v. *Anderson*, 119 *Ga.* 875 (47 S. E. 208); *Brunswick Grocery Co.* v. *Spencer*, 97 *Ga.* 764 (25 S. E. 764); *Napier* v. *Strong*, 19 *Ga. App.* 401 (91 S. E. 579); *Graham* v. *Jones*, 39 *Ga. App.* 610 (147 S. E. 902); *Williams* v. *Eldridge*, 53 *Ga. App.* 445 (186 S. E. 217); *Warren* v. *Georgia Power Co.*, 58 *Ga. App.* 9, 15 (197 S. E. 338); *Tyler* v. *National Life & Accident Insurance Co.*, 48 *Ga. App.* 338 (172 S. E. 747).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*