31507.   WYNN *v.* BREWER.

> DECIDED APRIL 25, 1947.

*Harold Karp,* for plaintiff.

*Jesse B. Simmons, Otey B. Mitchell, Elijah A. Brown,* for defendant.

PARKER, J.   This is a bail-trover action brought by Mrs. N. J. Wynn, trading as Southern Sales Company in the Civil Court of Fulton County, against Algero Brewer.   The plaintiff alleged that the defendant was in possession under a certain retention-title contract of personal property of the value of $155.65, to which the plaintiff claimed title or a valuable interest therein and the right to possession, and that the defendant refused to deliver the property to the petitioner or pay her the profits thereof.   The defendant's answer alleged that no demand had been made upon him by the plaintiff or anyone else for the property, that he had paid all the installments agreed upon and which had become due on the property, and was not in arrears with any payments thereon.   The case was tried before a jury, and at the conclusion of the evidence the court instructed the jury, in accordance with an agreement entered into between the parties, that the only issue in the case was whether a demand had been made upon the defendant by the plaintiff, and that if such demand had been made the plaintiff was entitled to recover, otherwise the defendant was entitled to a verdict.

The jury returned a verdict for the defendant and judgment was entered thereon.   The plaintiff made an oral motion for a new trial which was set for hearing on June 6, 1946.   On May 20 the plaintiff filed a motion for judgment "non obstante veredicto" which was set for hearing on May 30, and upon a final hearing of that motion on June 13, 1946, the court granted it and entered judgment for the plaintiff in the amount claimed in the suit.   In granting the motion for judgment non obstante veredicto the court did not vacate or set aside or otherwise deal with the verdict and judgment previously rendered in favor of the defendant.   The motion for new trial which had been made by the plaintiff was withdrawn.   Subsequently, the defendant filed and had certified to the appellate division of the court an appeal upon the ground that the judgment non obstante veredicto was improperly granted, and upon a hearing by the court that judgment was set aside and

a new trial was ordered. The exception here is to that ruling and to the failure of the court to pass upon a motion to dismiss the said appeal on the ground that no brief of the evidence was filed with it.

■ Upon the question of the necessity of a brief of the evidence we think the case of *McGee* v. *Knox*, 60 *Ga. App.* 72 (2), 74 (2. S. E. 2d, 808), is controlling in this case. In that case Judge Sutton, speaking for the court, said: "It is true that where an appeal is made to the Appellate Division of the Municipal Court of Atlanta (now the Civil Court of Fulton County) *from an order overruling an oral motion for new trial,* the appellant shall within fifteen days from such order file a written statement of the grounds of his motion, *assigning error on the order overruling such motion,* together with a brief of the evidence. Sec. 42 (d) of act of 1933 (Ga. L. 1933, pp. 290, 293) [citing cases]. . . However, the plaintiff in error in the present case did not appeal from an order overruling a motion for new trial, but appealed from the final judgment, and assigned error on the order striking his answer, and alleged that this antecedent ruling was controlling and responsible for the verdict and judgment against him." (Italics ours.) It was then held that under that state of facts, the appellate division erred in dismissing the appeal for want of a brief of the evidence. We think the ruling in that case is directly applicable to the facts in this case. The appeal here under consideration was not taken from a trial which resulted in a verdict and judgment, but was from the granting of the judgment non obstante veredicto. It does not appear that there was any evidence upon the hearing in which the judgment non obstante veredicto was granted. The judgment was a final judgment within the meaning of the principles laid down in *McGee* v. *Knox,* supra, and therefore the appellate division did not err in refusing to dismiss the appeal.

■ Was the judgment non obstante veredicto demanded as a matter of law? The Supreme Court in *Buffington* v. *Carter,* 199 *Ga.* 811 (3), 814 (35 S. E. 2d, 440), expressly refused to pass upon the question of whether such a judgment is even authorized in Georgia, but cited on the question *Crew* v. *Hutcheson,* 115 *Ga.* 511, 531 (42 S. E. 16), apparently referring to the discussion in the dissenting opinion of Mr. Justice Cobb, and *Snyder* v. *Elkan,* 187 *Ga.* 164, 178 (199 S. E. 891). In the *Crew* case the dissent-

ing opinion of Mr. Justice Cobb, without citing any Georgia authority, argued that such a judgment should be permitted to be entered in cases where a plea amounting to a confession and avoidance is entered by the defendant, where such matter in avoidance is insufficient in law as a defense to the action and where the parties have permitted the plea to go to the jury on an issue of fact which the jury have resolved in favor of the defendant. It was there said that the reason for the exercise of such powers by the courts is that they may protect themselves from rendering a judgment which is palpably erroneous and manifestly wrong, and which would be in violation of the principles of law and do great injustice in the particular case. In the *Snyder* case the court held that: "Such a judgment can be rendered only when the pleadings taken as a whole demand a decree in favor of the plaintiff;" and it was held that the motion in that case for judgment non obstante veredicto was not well-taken. The cases above referred to are the only cases in Georgia which we have been able to find which make any reference to such a motion and judgment. As will be seen from an examination of these cases it is not at all clear that such a motion may be sustained in Georgia, even in a case calling for it in principle. On the other side, neither is there any clear adjudication that it may not be used in a proper case. However, we do not deem it necessary to decide whether such a motion is proper, since it is clear from *Snyder* v. *Elkan,* supra, that such motion, if maintainable at all, must be predicated upon an insufficiency in the answer or plea of the defendant. An examination of the defendant's answer shows that it raised a meritorious defense to the action of trover, which if proved would have barred any recovery by the plaintiff. The judgment non obstante veredicto was not demanded by the pleadings and the court did not err in setting it aside.

After the action of the appellate division in setting aside the judgment non obstante veredicto, the court was without authority to order a new trial. The verdict and judgment in favor of the defendant to which no exception was taken except in the motion for new trial filed by the plaintiff, which motion was dismissed when the judgment non obstante veredicto was rendered, was in full force and effect when that latter judgment was set aside, and the court erred in the absence of proper exceptions duly filed to

the verdict and judgment in favor of the defendant, in ordering a new trial.

We therefore hold that the ruling of the appellate division was not erroneous in setting aside the judgment non obstante veredicto, but the court erred in ordering a new trial.

*Judgment affirmed in part, and reversed in part. Sutton, C. J., and Felton, J., concur.*