35389. DIXIE ORNAMENTAL IRON COMPANY, INC. *v.* PARRISH.

DECIDED OCTOBER 25, 1954.

*Chapman, Thompson & Chapman,* for plaintiff in error.
*Francis Y. Fife, 'Morgan C. Stanford,* contra.

QUILLIAN, J. Edward D. Parrish sued Dixie Ornamental Iron Company, Inc., in the Civil Court of Fulton County on a contract. The petition alleged that the corporation was to pay Parrish ten percent commission on all sales made by him; that between the dates of April 23, 1953, and May 24, 1953, he sold ornamental iron products for the corporation valued at $4,450; that he was entitled to commissions in the sum of $445 together with seven percent interest from May 24, 1953. Upon the trial of the case the plaintiff Parrish proved without objection that,

under his contract with the defendant, Dixie Ornamental Iron Company, he was to have ten percent of all sales made by the *defendant*. The evidence as to what amount of sales was made during that period and as to what sales the plaintiff participated in making was weak and unsatisfactory. However, if it had been ever so clear and explicit, the plaintiff would not have been entitled to recover.

There is nothing better settled than that, when a suit is brought on a contract, the terms of the contract must be proved substantially as alleged. "No plaintiff can recover upon a cause of action, however just or well sustained by proof, which is totally distinct and different from that alleged in his declaration, and this is so although palpably irrelevant evidence may have been received without objection." *Central R. & Bkg. Co.* v. *Cooper*, 95 *Ga.* 406, 407 (22 S. E. 549). The plaintiff must recover upon the cause of action laid in the declaration; and a verdict for the defendant is required when the cause of action thus laid is not proved, although another cause of action in favor of the plaintiff against the defendant may appear from the defendant's testimony.

When, as in the instant case, a contract of materially different import from that set out in the petition as the basis of the plaintiff's right to recover is proved, the variance between the allegata and probata is fatal. The contract sued upon not having been proved, the verdict in this case was without evidence to support it.

For the reason assigned, the judgment denying the defendant's motion for new trial must be

*Reversed. Felton, C. J., and Nichols, J., concur.*