36438. McCLELLAND *et al. v.* CARMICHAEL TILE CO.

Decided November 20, 1956—Rehearing denied December 5, 1956.

Abit Massey, A. Mims Wilkinson, Jr., for plaintiff in error.
Albert E. Mayer, William W. Daniel, contra.

TOWNSEND, J. The trial court granted the motion for judgment notwithstanding the verdict on the theory that there was a fatal variance between the allegata and probata, citing in his judgment *Dixie Ornamental Iron Co. v. Parrish*, 91 *Ga. App.* 11 (84 S. E. 2d 716), and *Central R. & Bkg. Co. v. Cooper*, 95 *Ga.* 406 (22 S. E. 549), both of which cases were concerned with motions for a new trial. The function of the motion for judgment non obstante veredicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case. Prior to the act of 1953 (Ga. L. 1953, Nov. Sess., pp. 440, 444; Code, Ann. Supp., § 110-113) this remedy, if available at all in Georgia, followed the common-law rule that it was available only in favor of the plaintiff and only on a consideration of the pleadings. *Wynn v. Brewer*, 75 *Ga. App.* 121 (2) (42 S. E. 2d 507). By making a motion for directed verdict a prerequisite to the motion for judgment notwithstanding verdict, it is obvious that the legislature intended for the courts to consider the evidence in the case along with the pleadings and to grant the motion where, under the language of Code § 110-104 "there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict." And judgment notwithstanding verdict, like a directed verdict, must conform to the pleadings as well as to the evidence. As to directed verdicts, see *Ross v. Durrence*, 173 *Ga.* 457 (1) (160 S. E. 370); *Kelly v. Strouse*, 116 *Ga.* 872 (14) (43 S. E. 280); *Cannon v. Heard*, 204 *Ga.* 891 (2) (52 S. E. 2d 459).

It does not appear from the pleadings and evidence in this case that the verdict in favor of the plaintiff could not under any circumstances be sustained. The uncontradicted and undisputed evidence shows that there was a contract, fully performed, to tile certain specified rooms in a dormitory. While these rooms were not the only rooms in the dormitory to be tiled, they did consti-

tute all the rooms in the dormitory to be tiled by the defendant, and all the rooms in the dormitory which could be the subject of any contract between the defendant and the plaintiff. There would be no question of variance between allegata and probata if the plaintiff had amended the above quoted allegation that "the said work consisted of all the tile work in connection with the construction and completion of the building" by adding "which the defendant had subcontracted to perform" or similar words. The evidence shows that this was the purport of the allegation, and, to this extent, the pleadings after verdict are aided by the evidence.

Judgment notwithstanding the verdict is considered in most States which have adopted statutes similar to ours to apply only where the defects if in pleadings, are not amendable and not cured by verdict, and a mere variance between allegata and probata is not a sufficient basis for the granting of this motion. See 49 C. J. S. 150, 164, § 60; Old 76 Distillery Co. *v.* Morris, 234 Ky. 389 (28 S. W. 2d 474); American Products Co. of Pa. *v.* Franklin Quality Refining Co., 275 Pa. 332 (119 Atl. 414); Eads *v.* Commercial Nat. Bank of Phoenix, 33 Ariz. 499 (266 Pac. 14, 62 A. L. R. 183); Gallagher *v.* Cal. Pac. Title & Trust Co., 13 Cal. App. 2d 482 (57 Pac. 2d 195); Nadeau *v.* Maryland Casualty Co., 170 Minn. 326 (212 N. W. 595). In this State the rule is that, after judgment, the pleading must be construed most strongly in favor of sustaining the judgment (*Richardson* v. *Coker,* 188 *Ga.* 170 (3), 176, 3 S. E. 2d 636), and where evidence is admitted without objection which supports what is in fact the same cause of action, although it might have been excluded on objection, it may be sufficient to authorize a recovery if, under the facts of the case, the petition could have been by amendment so conformed to the proof as to render such testimony relevant. *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579). In such event the case stands as though the petition had been amended accordingly. *Irvin* v. *Locke,* 200 *Ga.* 675, 680 (38 S. E. 2d 289). The pleadings and proof here do not show as a matter of law that the plaintiff was not entitled to recover under the contract, but, on the contrary, demand a finding that there was a contract under which the plaintiff is as a matter of law entitled to recover at least the $800 admitted due by the defendant, less

the amount of the defendant's cross-action. Under these circumstances it was error to grant a judgment notwithstanding verdict in favor of the defendant which would have the effect of terminating the litigation without reimbursing the plaintiff for even that amount which the defendant admitted in judicio was owing to it. A fair evaluation of the record shows, not that the plaintiff proved a contract different from the contract alleged, but that both the plaintiff and the defendant agreed upon the existence of the same contract, and the only dispute was as to one of its terms—that is, the amount to be paid for the services performed. Upon evidence that would have authorized a finding either way, the jury resolved this issue in favor of the plaintiff. Accordingly, *Dixie Ornamental Iron Co.* v. *Parrish,* 91 *Ga. App.* 11, supra, is not in point; nor are *Callahan* v. *Atlantic Ice &c. Corp.,* 33 *Ga. App.* 330 (126 S. E. 278), *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (17 S. E. 663), and similar cases urged in the cogent brief of counsel for the defendant in error in point on this particular question. The rule is there stated that although the failure of the plaintiff to make out a prima facie case (as where there is a variance between allegation and proof) subjects him to nonsuit, and although it is error to dispose of the case by direction of verdict which precludes him from bringing his case over (see *Lewis* v. *Bowen,* 208 *Ga.* 671, 68 S. E. 2d 900), nevertheless the plaintiff, by opposing or failing to urge the grant of a nonsuit, may be estopped to complain that the verdict has been directed against him instead of the nonsuit. Such an estoppel cannot be applied against the plaintiff on a motion for judgment notwithstanding verdict where the verdict itself has cured the amendable deficiencies in the pleading.

The trial court erred in granting the motion for judgment non obstante veredicto.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*