38373.   MEADERS *et al.* v. JONES.

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 12, 1960.

*David L. Mincey, John D. Hemingway,* for plaintiffs in error.
*Walter Smith, Buford E. Hancock,* contra.

TOWNSEND, Judge.    It is contended by the plaintiff in error, first, that there is no evidence to justify a verdict in

favor of the plaintiff, and, secondly, that the plaintiff is not entitled to recover except under the terms of a contract as pleaded and proved by himself. It is always true that one cannot recover on a cause of action, no matter how well sustained by proof, which is different from or at material variance with the cause of action set out in the declaration. *Williams v. Eldridge*, 53 Ga. App. 445 (186 S. E. 217); *Central R. & Bkg. Co. v. Cooper*, 95 Ga. 406 (22 S. E. 549); *Dixie Ornamental Iron Co. v. Parrish*, 91 Ga. App. 11 (84 S. E. 2d 716). There was, however, some slight evidence to sustain the contract as alleged between the plaintiff and Simmons, because of the plaintiff's testimony that Simmons was not only the defendant's agent in charge of the building but was in fact continuing to operate with him in a partnership relation. It is not necessary, however, to sustain the verdict on this theory. It was not denied that an oral contract existed between the parties; that the subject matter of the contract was the laying of brick and cement blocks on the project in question; that this contract was at least in part performed. The plaintiff contended that one of the terms of the contract was a rate of $45 per thousand for brick, as against the defendant's contention of $41 per thousand. As was stated in *McClelland v. Carmichael Tile Co.*, 94 Ga. App. 645, 649 (96 S. E. 2d 202): "A fair evaluation of the record shows, not that the plaintiff proved a contract different from the contract alleged, but that both the plaintiff and the defendant agreed upon the existence of the same contract, and the only dispute was as to one of its terms—that is, the amount to be paid for the services performed." Under the defendant's own pleadings he was indebted to the plaintiff under this contract for the sum of $543, subject to the sums sought to be recovered in the cross-action. The jury is at liberty, where the evidence is in dispute, to believe a part of the evidence of one witness while rejecting other parts, and to combine that portion of the testimony which they believe with a part of the testimony of other witnesses in the case. *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91 (42 S. E. 2d 179). In this action, and although Simmons did not testify for either side, the preponderance of evidence strongly points to the conclusion that the plaintiff did

have the conversation with Simmons to which the plaintiff testified; that Simmons was, at least, an agent of the defendant who handled some of the subcontracts on the project in question; that, however, the defendant had a later conversation with the defendant, to which the defendant testified, at which time he agreed to lay the brick at $41 per thousand provided the defendant made no profit on the project, and that as a matter of fact the defendant lost money on that construction. Both the price and the amount of work were in dispute. The jury might well have accepted the defendant's figure as to the rate of work and the plaintiff's figure as to the amount of work; they would then have returned a verdict for the plaintiff of between $1200 and $1600, according to how much they found had already been paid, which figure would have been further modified if, had they accepted the plaintiff's figure and arrived at approximately $1600, they had then set off certain items sued for in the cross-action, particularly those relating to expenses of scaffolding, as to which the preponderance of evidence supported the defendant's contentions. In such event a verdict of $1400 would seem not only sustainable but supported by a preponderance of all the evidence in the case. The general grounds of the motion for a new trial are accordingly without merit.

■ The special grounds relating to the failure of the court to charge without request on certain issues of law are not argued in the briefs of the plaintiff in error. However, the charge as a whole was full and fair, and it was not error in the absence of request to fail to charge the language set out in the two special grounds. *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844 (8) (72 S. E. 2d 816); *Carlisle v. Ragan-Malone Co.,* 17 Ga. App. 435 (2) (87 S. E. 608).

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*