## 57144. HEARD v. THE STATE.

DEEN, Chief Judge.

1. The defendant was convicted of an attempt at armed robbery. He entered the office of the chief witness, pointing a small pistol at him and trembling violently said, "You know what this is, don't you?" The victim, superintendent of an apartment complex, picked up his own pistol saying, "I've got the real thing" and the defendant fled, pursued by the victim. Soon thereafter the defendant visited a cousin of his and attempted to get him to drive a certain maroon and white car to Texas. At that time he had a pistol identified by both witnesses as the same one they had seen with the defendant, and on both occasions he was wearing a wig, identified as the same wig recovered from the defendant. Further, the relative testified the defendant told him "he went into this place in

Gainesville and he pulled this gun on this man and asked him for his money, and the man pulled a gun on him. And he said he pulled the trigger two times and it didn't shoot."

The evidence was ample to support the verdict. *Burton v. State,* 147 Ga. App. 92 (1) (248 SE2d 168) (1978).

2. The defendant, who was the only witness indicating someone other than he might have been involved, testified that a "dude that came from Texas with me" asked to borrow his car, that he gave him the keys and went outside, the man got in his car, went down the street and parked it, got out and went into a building and "then he came backing out of the door and a man came running out shooting at him." The location was of course that of the attempted robbery. The judge in his jury instructions gave them the law on parties to a crime as set out in Code § 26-801. This was objected to by counsel for the defense. The court then recalled the jury and charged them on the elements necessary for a conspiracy, but that if "this defendant did not participate in its common intent and purpose then [he] could only be held responsible for what he actually did himself or for acts which were done with him present, aiding and abetting."

"Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Campbell v. Travelers Ins. Co.,* 100 Ga. App. 853, 854 (1) (112 SE2d 311) (1959). *Leverenz v. State,* 140 Ga. App. 632, 635 (231 SE2d 513) (1976). A jury may believe a part of the defendant's testimony and disbelieve the rest, and combine that part of the testimony which they believe with a part of the testimony of other witnesses in the case. *Meaders v. Jones,* 102 Ga. App. 96, 99 (115 SE2d 607) (1960).

Further, even slight evidence will justify a charge although the great preponderance of evidence tends to show the nonexistence of such fact. *Lyles v. State,* 130 Ga. 294 (8) (60 SE 578) (1908). Since the jury might have considered from the fact that the defendant swore that he lent his supposed acquaintance his car and watched him enter the building where the robbery was attempted that he had some prior knowledge of the crime, even supposing

it was another other than he who committed it, the instructions on parties to a crime, attenuated as they were by the second charge that he could only be held responsible for his own acts if he did not aid and abet those of the criminal (assuming the jury should believe the statement as to the presence of another law violator) were not erroneous.

3. The identification by two persons of the pistol and wig found in the custody of the defendant rendered these objects admissible in evidence. Cf. *Jung v. State,* 237 Ga. 73, 75 (226 SE2d 599) (1976); *Duvall v. State,* 238 Ga. 325, 326 (232 SE2d 918) (1977).

4. It is also urged that the victim's in-court identification of the defendant was the product of an impermissibly suggestive pretrial lineup. This contention is not supported by evidence. The identification was positive, the victim having a good look at the defendant across his desk in good light. He first picked out Heard's picture from a group of like photographs. He later picked out the defendant in a lineup of some five or six other men. The in-court identification was also positive. "The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification." *Gravitt v. State,* 239 Ga. 709 (4) (239 SE2d 149) (1977).

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED FEBRUARY 15, 1979.

*Thompson, Fox & Brinson, George W. Brinson,* for appellant.

*Jeff C. Wayne, District Attorney, Thomas M. Cole, Assistant District Attorney,* for appellee.